# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-2569 |
| | ) | |
| DR. KUL SOOD, S.A. GODINEZ, ROBERTA | ) | Judge Sharon Johnson Coleman |
| FEWS, JOSEPH YURKOVICH, WEXFORD | ) | |
| HEALTH SOURCES, INC., UNKNOWN | ) | |
| CORRECTIONAL OFFICERS and UNKNOWN | ) | |
| MEDICAL PERSONNEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio Hunter ("Hunter") filed suit against Dr. Kul Sood, former Medical Director, Hill Correctional Center; S.A. Godinez, Director, Illinois Department of Corrections; Roberta Fews, former Deputy Director, Illinois Department of Corrections; Joseph Yurkovich, former Warden, Hill Correctional Center; Wexford Health Sources, Inc.; and unknown correctional officers and medical personnel, alleging claims under 42 U.S.C. § 1983 based on Defendants alleged refusal to provide him with medical attention while he was incarcerated at Hill Correctional Center. Defendants Dr. Kul Sood and Wexford Health Sources, Inc. (the "Wexford Defendants") move for summary judgment on the grounds that Hunter failed to exhaust his administrative remedies prior to filing his complaint. For the reasons stated herein, the Wexford Defendants' motion for summary judgment is denied.

**Background**

The following facts are undisputed.[1] Hunter was incarcerated at Hill Correctional Center ("Hill") from November 17, 2010, until his release on January 13, 2012. (Pl. 56.1 Resp. ¶ 3.) Hunter was subsequently on parole until January 13, 2013. (Pl. 56.1 Add'l Facts ¶ 1, Ex. A.) His complaint in this case was filed on April 5, 2013. (Dkt. 1.) The allegations in Hunter's complaint concern medical treatment received while he was an inmate at Hill. (Pl. 56.1 Resp. ¶ 2.) When Hunter filed this action he was not incarcerated by the Illinois Department of Corrections and was living at a private residence in Chicago, Illinois. (Pl. 56.1 Add'l Facts ¶¶ 3, 4.) Hunter never filed a grievance with the Illinois Department of Corrections while incarcerated between November 2010 and January 2012. (Pl. 56.1 Resp. ¶ 14.)

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

---

[1] Local Rule 56.1 requires the district court to deem admitted those facts that are not contested in the parties' submissions related to the motion for summary judgment. *Robinson v. Bandy*, 524 Fed. Appx. 302, 305 (7th Cir. 2013) (citing N.D. Ill. R. 56.1(a); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)). Because the moving party here, the Wexford Defendants, did not submit a reply, Hunter's statement of additional facts are deemed admitted for purposes of Defendants' motion for summary judgment. *Id.*

**Discussion**

The Wexford Defendants move for summary judgment arguing that Hunter failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq. The PLRA contains a comprehensive administrative exhaustion requirement. Under the statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or a diversionary program." *Id.*, § 1997e(h). Whether a person is considered a prisoner under the PLRA depends on the "status of the plaintiff at the time he brings suit." *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 210 n.10 (3d Cir. 2002) ("every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners")); *see also Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Accordingly, the PLRA's administrative exhaustion requirements do not apply to cases in which plaintiffs file suit after their release from prison. *Id.*

Here, it is undisputed that Hunter was not incarcerated when he initiated this lawsuit. Therefore the PLRA's exhaustion requirements do not apply to him and he was not required to file grievances under the Illinois Administrative Code or otherwise prior to filing this action. The Wexford Defendants invite the Court to depart with Seventh Circuit precedent, as well as that every other federal Circuit Court, and adopt the minority view expressed in *Zehner v. Trigg*, 952 F. Supp. 1318 (S.D. Ind. 1997) that the date of the alleged wrong should serve as the determining factor for PLRA applicability. The Court respectfully declines. Indeed, the Seventh

Circuit in *Kerr* explicitly rejected the *Zehner* court's reasoning. *Kerr*, 138 F. 3d at 322-23. Based on the arguments and evidence presented to this Court, Defendants' motion for summary judgment is denied.

**Conclusion**

For the foregoing reasons, the Wexford Defendants' motion for summary judgment [138] is denied.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: June 10, 2015